IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,023-01






EX PARTE JOSE MANUEL OLIVE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W08-62192-I (A) IN THE CRIMINAL DISTRICT COURT NO. 2


FROM DALLAS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to
unlwaful possession of a firearm by a felon, and was sentenced to ten years' imprisonment. The
Fifth Court of Appeals affirmed his conviction. Olive v. State, No. 05-09-00419-CR (Tex. App. -
Dallas, April 27, 2010).

 Applicant contends, inter alia, that his plea was involuntary because he wanted to plead not
guilty and have a jury trial on this charge, but his trial counsel refused to take the case to trial,
allegedly telling Applicant that "he would be found guilty anyway."

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall obtain
an affidavit from Applicant's trial counsel responding to Applicant's allegations. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the
trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary. The trial court shall make findings as to whether trial counsel
investigated the case and discussed Applicant's options with him. The trial court shall make findings
as to whether Applicant told counsel he wanted to plead "not guilty" and have a jury trial in this case,
and as to whether counsel told Applicant that "he would be found guilty anyway." The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 

Filed: August 22, 2012

Do not publish